## UNITED STATES DISTRIC COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LINDA K. WELCH | ) | |
| Individually and as Adminstrator of the | ) | |
| Estate of Kenneth V. Welch, deceased, | ) | |
| 4052 Cornwall Ct. | ) | |
| Fairfax, Virginia 22030 | ) | |
| BRIAN WELCH | ) | |
| CHRISTOPHER WELCH | ) | Civil Action No. 01-863 CKK-AK |
| | ) | |
| Plaintiffs, | ) | |
| and | ) | |
| | ) | |
| BETTY WELCH (Intervenor) | ) | |
| 39641 Trout Creek Road | ) | |
| Corbett, Oregon 97019 | ) | |
| | ) | |
| GERARD WELCH (Intervenor) | ) | |
| 38695 Trout Creek Road | ) | |
| Corbett, Oregon 971019 | ) | |
| | ) | |
| MICHAEL WELCH (Intervenor) | ) | |
| 11743 E. Fulton St. | ) | |
| Lowell, Michigan 49331 | ) | |
| | ) | |
| Intervenor Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE ISLAMIC REPUBLIC OF IRAN, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THE IRANIAN REVOLUTIONARY | ) | |
| GUARD CORPS, | ) | |
| Khomeini Avenue, United Nations | ) | |
| Street, Tehran, Iran. | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT AMENDED COMPLAINT FOR
PLAINTIFFS AND INTERVENOR/PLAINTIFFS**

Plaintiffs, Linda K. Welch, Brian Welch and Christopher Welch (hereinafter referred to as "Plaintiffs") along with Intervenor/Plaintiffs Betty Welch, Gerard Welch, and Michael Welch (hereinafter referred to as "Intervenors") respectfully submit this Joint Amended Complaint seeking damages arising out of the September 20, 1984 terrorist attack on the American Embassy Annex in East Beirut, Lebanon. Plaintiffs and Intervenors move for judgment against Defendants the Islamic Republic of Iran and The Iranian Revolutionary Guard Corps (hereinafter "IRGC") and in support of this Joint Amended Complaint allege as follows:

## I.   JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1330(a), 1331, 1332(a)(2) and 28 U.S.C.A. § 1605.

2. Defendants the Islamic Republic of Iran and the IRGC are subject to suit in the courts of the United States pursuant to the Foreign Sovereign Immunities Act, as amended, 28, U.S.C. § 1607(a)(7), and related statutes.

3. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391(f)(4).

4. Actions for wrongful death, personal injury and related torts perpetrated by foreign state sponsors of terrorism through their officials, employees and agents fall within the meaning of 28 U.S.C § 1605(a)(7) and 28 U.S.C.A. § 1605 note. Under 28 U.S.C. § 1606, foreign states and their instrumentalities are held liable for such wrongs "in the same manner and to the same extent as a private individual under like circumstances..."

## II.   THE PARTIES

5. Plaintiff Linda K. Welch, a resident and domiciliary of the State of Virginia, is

the widow of decedent Kenneth V. Welch, who died from injuries sustained during a terrorist attack on the American Embassy Annex September 20, 1984.  Plaintiff Linda K. Welch is the Administrator of the Estate of Kenneth V. Welch and represents her interests and those of her sons, Plaintiffs Brian and Chris Welch.

6. Brian and Christopher Welch are the sons of Kenneth and Linda Welch and have at all relevant times been domiciliaries of Virginia.  They reside at 119 Birchwood Bay, San Antonio, TX 78253 and 13912 Greendale Drive, Woodbridge VA 22191, respectively.

7. Intervenor Betty Welch is currently a resident and domiciliary of Oregon, at 39641 Trout Creek Road, Corbett, Oregon 97019, and is the mother of the decedent Kenneth V. Welch.   At the time of his death in 1984 she was a resident and domiciliary of Michigan.

8.  Intervenor Gerard Welch, currently a resident and domiciliary of Oregon, at 38695 Trout Creek Road, Corbett, Oregon 97019, is a brother of decedent Kenneth V. Welch.  At the time Kenneth V. Welch died in 1984, Gerard Welch owned a house in Michigan, which he had bought in 1979 and had lived in until 1983, but was living in a rental apartment in Oregon, where he had gone with his wife about a year before.  He maintained close emotional and family ties with his brother.

9. Intervenor Michael Welch, a resident and domiciliary of Michigan, at 11743 E. Fulton Street, Lowell, Michigan 49331, is a brother of decedent Kenneth V. Welch.  At the time Kenneth V. Welch died in 1984, Michael was a resident and domiciliary of Michigan, and maintained close emotional and family ties with his brother.

10.  Defendant the Islamic Republic of Iran (hereinafter also referred to as "Iran")

is a foreign state that has been designated a state supporting international terrorism within the meaning of the Export Administration Act of 1979 (50 U.S.C. App. § 24050) and the Foreign Assistance Act of 1961 (22 U.S.C. 2371(b)) since January 19, 1984. The Islamic Republic of Iran provides material support and resources to Hizballah, a politico-paramilitary terrorist organization operating in Lebanon. The Islamic Republic of Iran sponsors the IRGC, within the meaning of 28 U.S.C. § 1605(a)(7) and 28 U.S.C. § 1605 note, by providing it with logistical support, intelligence, funding, direction and training for its terrorist activities.

   11. The Iranian Islamic Revolutionary Guard Corps, also known as Pasdaran (hereinafter referred to as "IRGC") is a non-traditional agency and instrumentality of Iran. The IRGC, with its own separate internal organization, has evolved into one of the most powerful organizations in Iran. The IRGC functions as a paramilitary and intelligence organization, both within and outside the country. It has its own separate sources of funding, originally derived from the former Shah's assets confiscated at the time of the Iranian Revolution overthrowing the Shah and the return of Ayatollah Khomeini. In addition, the IRGC is dedicated to the export of Islamic Fundamentalism principles through out the world by acts of terrorism and criminal violence. The IRGC is the primary agent through which Iran prepared and oversaw the actions relating to the bomb attack on the American Embassy Annex in East Beirut, Lebanon on September 20, 1984. The IRGC, acting as an agent of the Islamic Republic of Iran, performed acts within the scope of its agency, within the meaning of 28 U.S.C. § 1605(a)(7) and 28 U.S.C. §1605 note, as a conduit for the Islamic Republic of Iran's provision of funds,

training and direction to Hizballah for its terrorist activities in Lebanon, that caused the act of extrajudicial killings described below.

12. Hizballah was formed by Iran utilizing Iranian and IRGC assets as an organization to export Islamic fundamentalism to other Middle Eastern countries and the world through acts of terrorism, including, but not limited to, the actions relating to the bomb attack on the American Embassy Annex in East Beirut, Lebanon on September 20, 1984.

### III.   STATEMENT OF FACTS

13. In September of 1984, Chief Warrant Officer Kenneth V. Welch was assigned to the American Embassy Annex in East Beirut, Lebanon. He was a United States citizen.

14. The Islamic Republic of Iran had begun a program of carefully planned acts of terrorism designed to destabilize governments in the Middle East and export principles of Islamic fundamentalism. Iran was responsible for the bombing attack on the U.S. embassy in West Beirut, Lebanon on April 18, 1983 killing 63 people, including 17 Americans, and the suicide truck bombing on the U.S. Marine headquarters near Beirut International Airport, killing 241 U.S. servicemen. Iran's principal agents in this regard were the IRGC and Hizballah.

15. In the early 1980's, Iran, through its Ministry of Information and Security ("MOIS") and the IRGC, established Hizballah in Lebanon as a terrorist organization employing tactics such as kidnapping, torture and murder. The MOIS and IRGC provided funding, training and equipment to Hizballah, enabling it to pursue and achieve its mission of terrorism.

16. During the early 1980's, Hizballah was operating as a terrorist organization in Lebanon under the name of Islamic Jihad. Its members were trained in Iran and the Bekka (Bekaa) Valley in Lebanon at facilities established, operated and supported by defendants Iran and the IRGC.

17. During this period, the presence of United States personnel in Lebanon was viewed by the Iranian government as supportive of Israel, which was closely allied with Western governments. In its view, a large scale terrorist operation designated to kill Americans would cause the total withdrawal of U.S. servicemen from Lebanon. The Iranian government, acting through MOIS, IRGC and Hizballah, began preparations for the bombing of a target associated with American interests.

18. The Defendants began preparation for such an operation in 1984. Hizballah operatives, assisted by the IRGC, scouted potential targets.

19. On the morning of September 20, 1984, at approximately 11:45 A.M., a van with diplomatic license plates pulled up at the checkpoint outside the embassy annex building in East Beirut. The car was ordered to halt by the Lebanese security guards on duty at the checkpoint. Suddenly, the driver pulled a gun and shot at one of the guards.

20. As another guard shouted and ran after the van, the driver raced his engine, zigzagged the vehicle through the "dragon's teeth", a staggered row of concrete blocks designed to reduce the speed of approaching cars, and headed for the embassy building.

21. One of the bodyguards accompanying British Ambassador David Miers, who happened to be visiting his U.S. counterpart, opened fire on the approaching van.

22. As the driver fell over, he pulled on the wheel and the car swung to the right,

hitting a parked car. The van came to a halt approximately 30 feet from the embassy. At that point in time, the van exploded. As a result of the explosion, the façade of the building collapsed, raining masonry and broken glass over a wide area in the residential district.

23. The shots fired at the van apparently prevented the driver from reaching his presumed destination, the parking garage underneath the embassy. Had the vehicle, containing an estimated 350 lbs. of explosives, blown up in the underground parking garage, the entire building might have collapsed.

24. As a result of the terrorist act described above, twelve people were killed and 35 wounded. Among the dead were two Americans attached to the embassy's military liaison office: Army Chief Warrant Officer Kenneth V. Welch and Navy Petty Officer First Class Michael Ray Wagner.

25. Kenneth V. Welch died as a result of injuries suffered in the explosion.

## COUNT I.
## ACTION FOR WRONGFUL DEATH

### a.) Va. Code § 8.01-50

26. Plaintiffs incorporate herein by reference paragraphs 1 through 25 above as if fully set forth at length.

27. The death of Kenneth V. Welch was caused by a willful and deliberate act of extrajudicial killing. The explosion was caused by a bomb deliberately detonated by Hizballah, acting under the direction and supervision of Defendants.

28. Before his death, decedent Kenneth V. Welch suffered bodily pain and suffering, entitling his Estate to compensatory damages.

29. Defendant the Islamic Republic of Iran sponsored Hizballah's terrorist activities

within the meaning of 28 U.S.C. §1605(a)(7).

30. The IRGC acted as the agent of the Defendant Islamic Republic of Iran within the meaning of 28 U.S.C. §1605(a)(7) and 28 U.S. C. §1605 note and performed acts within the scope of its agency which caused the death of Kenneth V. Welch.

31. As a direct and proximate consequence of the actions described above, for which the Defendants are liable, the surviving heirs of Kenneth V. Welch suffered pecuniary loss, including loss of assistance to his wife and children, the loss of decedent's future earnings, and decedent's funeral expenses.

### b.) MCL 600.2922 and MSA 27A.2922; ORS 30.020

32. Intervenors repeat and incorporate by reference paragraphs 1 through 31 as if fully set forth herein.

33. Defendants Iran and the IRGC directly and indirectly caused the death of Kenneth V. Welch by ordering, directing, financing, materially supporting, aiding and abetting the terrorist bombing of the U.S. Embassy Annex in East Beirut on September 20, 1984, and by criminally conspiring with Hizballah to cause that bombing. Alternatively, the defendants provided sponsorship, direction, material resources, funding and support to the terrorists and terrorist organizations which carried out the attack on that date.

34. As a direct and proximate result of the acts described above, Intervenors, who are the mother and two surviving brothers of decedent, suffered pecuniary and other losses, including the loss of consortium, and including without limitation the loss of Kenneth V. Welch's support, his services, his further earnings, his voluntary assistance, his love and companionship, and his funeral/memorial expenses.

35. The extrajudicial killing of Kenneth V. Welch entitles the Intervenors to damages and compensation for his wrongful death under all possible sources of applicable law, including the laws of Michigan and Oregon, federal law (including the Torture Victims Protection Act ("TVPA") 28 U.S.C § 1350 note), international law, and the law of Lebanon.  Under Section 1606 of the FSIA, Defendant The Islamic Republic of Iran is liable for Kenneth Welch's wrongful death to the same extent that a private individual who committed the same acts would be liable.

## COUNT II.
## ACTION FOR INTENTIONAL INFLICTION
## OF EMOTIONAL DISTRESS

### a.)  Under Restatement (Second) Of Torts
### §46(2) and the Law of Virginia

36. Plaintiffs Linda K. Welch, Brian Welch and Chris Welch incorporate herein by reference 1 through 35 above as if fully set forth at length.

37. Defendant The Islamic Republic of Iran and the IRGC caused the extrajudicial killings through the act of terrorism described above.  Defendants did so with the intent to injure the occupants of the embassy as well as to inflict emotional distress on their family members.

38. As a direct and proximate consequence of the violent death of Kenneth V. Welch, Plaintiffs have suffered extraordinary grief and mental anguish, entitling Plaintiffs to compensatory damages.

39. For the reasons stated above, the Defendant is liable to the Plaintiffs for the intentional infliction of emotional distress under the Restatement of Torts and the Law of Virginia.

### b.) Under Restatement (Second) Of Torts §46(2) and Law of Michigan and Oregon

40. Intervenors repeat and incorporate by reference paragraphs 1 through 39 as if fully set forth herein.

41. Defendants Iran and the IRGC purposefully, intentionally, maliciously, and with reckless disregard for the feelings of the Intervenors, engaged in extreme and outrageous conduct and caused severe emotional distress to Intervenors, by causing the death of their close family member Kenneth B. Welch in a violent and premeditated act of terrorism using a massive explosive device.  Defendants, as do all terrorists and sponsors of terrorism, fully intended that the consequences of their terrorist act would include the infliction of suffering, pain, and distress upon the close family members of all those killed by their acts.

42. Betty Welch first learned of the death of her son by watching television news reporting, including video images of his body being carried from the rubble left after the explosion.  The broadcast and transmission of such images was an intended and foreseeable consequence of the Defendant's actions.  Michael and Gerard Welch first heard of the possibility of their brother's death from their mother, who described her viewing of the television images.

43. All three Intervenors have suffered great emotional and mental anguish as a result of the terrorist attack at issue here, as was fully intended by the Defendants.

44. Defendants Iran and the IRGC directly and indirectly caused the emotional distress and suffering of all three Intervenors by ordering, directing, financing, materially supporting, aiding and abetting the terrorist bombing of the U.S. Embassy Annex in East Beirut on September 20, 1984, and by conspiring with Hizballah to perpetrate that crime.

Alternatively, Iran and the IRGC provided sponsorship, direction, material assistance, resources, funding and support to the terrorists and terrorist organizations that carried out the attack on that date.

45. The intentional infliction of emotional distress upon the Intervenors as a result of the extrajudicial killing of Kenneth Welch entitles Intervenors to damages and compensation for intentional infliction of emotional distress under all possible sources of applicable law, including the law of Michigan, Oregon, federal law (including the Torture Victims Protection Act ("TVPA") 28 U.S.C § 1350 note), international law, and the law of Lebanon.  Under Section 1606 of the FSIA, Iran and the IRGC are liable for intentional infliction of emotional distress damages to the Intervenors to the same extent that a private individual who committed the same acts would be liable.

## COUNT III.
## INTERVENORS' ACTION FOR SOLATIUM/LOSS OF CONSORTIUM

46. Intervenors repeat and incorporate by reference paragraphs 1 through 45 as if fully set forth herein.

47. As a direct and proximate result of the terrorist attack described above resulting in the death of Kenneth V. Welch, plaintiff intervenor Betty Welch has suffered intense and unnaturally prolonged grief and sorrow, and has been deprived of the society, care, companionship, affection and consortium of her son, Kenneth V. Welch.

48. As a direct and proximate result of the terrorist attack described above resulting in the death of Kenneth V. Welch, plaintiff intervenors Gerard and Michael Welch have suffered intense and unnaturally prolonged grief and sorrow, and have been

11

deprived of the society, care, companionship, affection and consortium of their brother, Kenneth V. Welch.

49. Defendants Iran and the IRGC directly and indirectly caused the death of Kenneth V. Welch by ordering, directing, financing, materially supporting, aiding and abetting the terrorist bombing of the U.S. Embassy Annex in East Beirut on September 20, 1984, and by conspiring with Hizballah. Alternatively, the same defendants provided sponsorship, direction, material assistance, resources, funding and support to the terrorists and terrorist organizations who carried out the attack on that date.

50. The extrajudicial killing of Kenneth V. Welch entitles intervenors to damages and compensation for solatium/ loss of consortium under all possible sources of applicable law, including the laws of Michigan, Oregon, federal law (including the Torture Victims Protection Act ("TVPA") 28 U.S.C. § 1350 note), international law, and the law of Lebanon. Under Section 1606 of the FSIA, Iran and the IRGC are liable for solatium/loss of consortium damages to intervenors to the same extent that a private individual who committed the same acts would be liable.

## COUNT IV.

### PLAINTIFFS' AND INTERVENORS' ACTION FOR PUNITIVE DAMAGES

51. Plaintiffs and Intervenors repeat and incorporate by reference herein the allegations of paragraphs 1 through 50 as though fully stated.

52. Defendants Iran and the IRGC, acting in concert to carry out their unlawful objectives, acted maliciously and in wanton and willful disrespect of the most elemental

rights of Kenneth V. Welch and Intervenors here.  Defendants deliberately took actions intended to kill as many people as possible, including Kenneth V. Welch.

53.  Defendant IRGC is not a political subdivision of Iran.  It is an independent government instrumentality with its own budget dedicated to spreading Islamic fundamentalism by the use of terrorism and other violent and criminal methods.

54.  Defendant IRGC acted as an agent of Iran and performed acts within the scope of its agency intended to kill, wound, or maim as many people as possible at or near the U.S. Embassy Annex in East Beirut, Lebanon, including Kenneth V. Welch.

55.  Plaintiffs and Intervenors are therefore entitled to punitive damages against the IRGC under all possible sources of applicable law, including the laws of Michigan, Oregon, federal law (including the Torture Victims Protection Act ("TVPA") 28 U.S.C. § 1350 note, and the Flatow Amendment, 28 U.S.C. § 1605 note), international law, and the law of Lebanon.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and Intervenors pray that the Court grants judgment in their favor and against Defendants on Courts I through IV, and grants:

A. Compensatory damages in favor of Plaintiffs against the Defendants, jointly and severally, for the wrongful death of Kenneth V. Welch in the amount of fifteen million dollars.

B. Compensatory damages in favor of each Plaintiff against the Defendants, for the loss of solatium and intentional infliction of emotional distress in the amount of ten million dollars.

C. Compensatory damages in favor of Intervenor Betty Welch against the Defendants, jointly and severally, for the wrongful death and loss of consortium of her son Kenneth V. Welch, in the amount of fifteen million dollars; Compensatory damages in favor of Intervenors Gerard and Michael Welch against Defendants, jointly and severally, for the wrongful death and loss of consortium of their brother, Kenneth V. Welch, in the amount of five million dollars for each of them.

D. Compensatory damages in favor of Intervenor Betty Welch against the Defendants, jointly and severally, for the intentional infliction of emotional distress for the extrajudicial killing of her son Kenneth V. Welch, in the amount of twenty million dollars; Compensatory damages in favor of Intervenors Gerard and Michael Welch against Defendants, jointly and severally, for the intentional infliction of emotional distress for the extrajudicial killing of their brother, Kenneth V. Welch, in the amount of ten million dollars for each of them

E. Punitive damages in favor of each Intervenor and Plaintiff as against the defendant IRGC in the amount of $300 million;

F. Reasonable costs and expenses;

G. Reasonable attorney's fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

Respectfully submitted,

/s/ _____

       John J. McDermott, D.C. #924803
       John J. McDermott, PLLC
       201 N. Union Street, Ste. 200
       Alexandria, VA 22314
       (703) 797-0682
       Fax (703) 518-6191

*On behalf of Linda, Christopher, and Brian Welch*

       /s/
       _____
       Paul G. Gaston, D.C. # 290833
       LAW OFFICES OF PAUL G. GASTON
       1120 19TH Street, NW
       Suite 750
       Washington, DC  20036
       (202) 296-5856
       Fax (202) 296-4154

*On behalf of Betty, Gerard, and Michael Welch*